IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:22-cr-5 |
| DION ZESSIN, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Dion Zessin's Motion for Psychiatric and Psychological Examination pursuant to 18 U.S.C. §4241(b), doc.14, and the Court's Order that Defendant be committed for treatment and restoration. Doc. 85. Based on the entire record in this case, including a report prepared and submitted by Dr. Brianna Grover, Psy.D., Forensic Psychologist, I find Mr. Zessin is currently able to understand the charges against him and is able to meaningfully consult with his attorney about his defense. Therefore, I **RECOMMEND** the Court find Defendant Dion Zessin competent to stand trial and proceed with his case at this time.

## BACKGROUND

Defendant Dion Zessin ("Mr. Zessin," or "Defendant") was indicted and charged with Threats to Federal Officials, 18 U.S.C. §115(a)(1)(b), Use of Interstate Communications to Transmit a Threat, 18 U.S.C. §875, and Stalking, 18 U.S.C. §2261A. The Court appointed James Wrixam McIlvaine to represent Mr. Zessin. On February 7, 2022, counsel filed a Motion for Psychological/Psychiatric Evaluation and Memorandum of Law. Doc. 14. That motion was granted on February 24, 2022, and Defendant was ordered to the Bureau of Prisons to undergo a

Psychological Evaluation.  Doc. 21.  On April 26, 2022, the Court received the Forensic Evaluation Report prepared by Jeremiah Dwyer, Ph.D., Forensic Psychologist with the Federal Detention Center in Englewood, Colorado.  Doc. 37.  The report by Dr. Jeremiah Dwyer, Ph.D., Forensic Psychologist, opined that Mr. Zessin was currently incapable of understanding the charges against him and unable to meaningfully consult with his attorney about his defense.

The undersigned conducted a hearing regarding Mr. Zessin's competency on May 19, 2022.  Prior to the hearing, counsel for the parties filed a written stipulation regarding the report.[1]  Doc. 43.  In Dr. Dwyer's evaluation, he opined there was significant, objective evidence to indicate that Mr. Zessin does suffer from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the Court proceedings against him and his ability to properly assist counsel in his defense.  Dr. Dwyer went on to recommend that Mr. Zessin be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d), indicating the commitment period would allow for mental health treatment to assist Mr. Zessin gaining improvement in his condition, work to regain his ability to fully participate in the Court process, and determine whether or not he could be restored to competency in the foreseeable future.

---

[1]  Mr. Zessin voiced various objections during the May 19, 2022 hearing.  Mr. Zessin stated he did not want to be represented by his appointed counsel and objected to the psychological evaluation process.  While Mr. Zessin's opposition and agitation were clear, his reasons were not.  Mr. Zessin engaged in a lengthy and delusional diatribe about psychology, psychiatry, and the courts.  Mr. Zessin's remarks were, at times, incoherent.  These remarks were consistent with the far-fetched beliefs Mr. Zessin has expressed to the Court previously, and that formed the basis of Dr. Dwyer's opinions about Mr. Zessin's competency and discussed in Dr. Dwyer's report.

On June 2, 2022, the Court found Mr. Zessin incompetent to stand trial and ordered him remanded to a federal medical center for psychological treatment for restoration to competency pursuant to 18 U.S.C § 4241(d).  Doc. 49.

Based on status reports provided by the parties, Mr. Zessin was not transferred back to the federal medical center for restoration for several months.  Docs. 53, 55, 58, 62, 64, 66, 71.  The Complex Warden at the federal medical center ultimately informed the Court Mr. Zessin had arrived at the center, that treatment was started, and a further evaluation was expected to be completed by July 4, 2023.  Doc. 70.

On July 14, 2023, the Court received a psychiatric report prepared by Kymmalett Ross, M.S., M.A., Psychology Predoctoral Intern, and Brianna Grover, Psy.D., Forensic Psychologist with the Federal Medical Center, Butner, North Carolina.  Doc. 79.  The report described treatment provided to Mr. Zessin during the relevant period and describes improvements to Mr. Zessin's mental health status.  However, the report also stated Defendant continued to suffer from a mental disease or defect, namely schizophrenia, which rendered him not competent to stand trial.  The report went on to state that it was expected, with continued medication, compliance, adjustment to medication regimen as needed, and ongoing competency restoration, there was a substantial probability that Defendant could be restored to competency.   The report also stated a disruption in Defendant's treatment could result in further deterioration in his mental condition.  The parties filed a stipulation to the conclusion that Mr. Zessin remains incompetent to stand trial.  Doc. 84.  The parties agreed that Mr. Zessin should continue to receive treatment in an effort to restore his competency.  However, counsel opposed Mr. Zessin

being held at the federal medical center indefinitely for treatment, and, instead, asked the Court to order only a temporary treatment.

On August 25, 2023, the Court Ordered that Mr. Zessin remain committed at the federal medical center continued treatment and restoration.  Doc. 85.

On January 3, 2024, the Court received a psychiatric report by Brianna Grover, Psy.D., Forensic Psychologist, Zachary Walden, M.A., Psychology Intern, and Tracy O'Connor Pennuto, J.D., Ph.D., Neuropsychologist, located at the Federal Medical Center in Butner, North Carolina.  Doc. 87.  Dr. Grover opined that Mr. Zessin was not competent to stand trial at this time.  The report further stated Mr. Zessin had continued to significantly improve over the evaluation period and that his medications were recently adjusted due to his ongoing delusional ideation.  Dr. Grover opined that with ongoing competency restoration treatment, education, and medication management, it was possible that Mr. Zessin would continue to demonstrate improvements in his factual and rational understanding of courtroom proceedings.  On January 29, 2024, the parties filed a Joint Status Report stipulating to the Psychiatric Report.  Doc. 90.  The Court subsequently ordered that Mr. Zessin remain at the federal medical center for continued treatment and restoration for an additional 120-days and for an updated psychiatric report to be filed with the Court on or before May 8, 2024.  Doc. 91.

Most recently, on April 30, 2024, the Court received the Forensic Evaluation Report prepared by Brianna Grover, Psy.D., Forensic Psychologist with the Federal Medical Center in Butner, North Carolina.  Doc. 94.  The report by Dr. Grover, Forensic Psychologist states that with medication and treatment for restoration that Mr. Zessin has continued to receive, Mr. Zessin is currently capable of understanding the charges against him and is able to meaningfully

consult with his attorney about his defense. The report states that although Mr. Zessin suffers from a mental disease or defect, the symptoms are not of sufficient severity to render him not competent to proceed at this time. The report states Mr. Zessin possesses a factual and rational understanding of the proceedings against him, appreciates his situation in reference to those proceedings, is able to maintain appropriate courtroom behavior, and is able to assist in his defense in a reasonable, rational manner. The report cautions, however, that Mr. Zessin's competency status is contingent on his continued compliance with psychotropic medication. Therefore, his prognosis for remaining competent to resolve his legal situation is good as long as he continues taking his medication. The report states that if Mr. Zessin discontinues medication treatment, he may experience a reemergence of symptoms and decompensation in his mental status will occur. Additionally, in accordance with 18 U.S.C. § 4241(e), the Federal Medical Center, Butner, North Carolina has filed a Certificate of Restoration of Competency to Stand Trial. Doc. 93.

On May 15, 2024, the parties filed a Stipulation Regarding Competency state the parties stipulate and agree on the report submitted by Dr. Grover. The parties also agree Mr. Zessin is competent to stand trial in this case, so long as his condition remains stabilized with property medication. Neither party request any further hearing on Defendant's competency. Doc. 95.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and

citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial

without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

Based on all the information before the Court, and for the reasons set forth above, I conclude Mr. Zessin is competent to stand trial at this time. Mr. Zessin is now able to understand the nature and consequences of the proceedings against him and is able to properly assist his counsel in his defense. Therefore, I **RECOMMEND** that the Court find that Mr. Zessin is now competent to stand trial.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court find that Mr. Zessin is now competent to stand trial. Additionally, I **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the I failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions in this Report. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made in this Report. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED and RECOMMENDED**, this 21st day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA